

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOY M. SCHAAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 C 4320 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| CHICAGO METROPOLITAN AGENCY, ) | |
| FOR PLANNING, an Illinois municipal ) | |
| corporation. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joy M. Schaad ("Schaad") brings this action against Defendant Chicago Metropolitan Agency for Planning ("CMAP"), alleging six counts relating to her employment with and termination by CMAP. (R. 21, Second Am. Compl.) Presently before this Court is CMAP's motion to dismiss Count V for promissory estoppel and Count VI for age discrimination in violation of the Fourteenth Amendment's Equal Protection Clause, pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 24-1, Def.'s Mot. at 1.) CMAP argues that these Counts are barred by the applicable statute of limitations. (*Id.*) For the reasons stated below, CMAP's motion to dismiss is granted in part and denied in part.

## BACKGROUND

On August 26, 2014, Schaad filed her initial complaint in the Circuit Court of Cook County alleging three common law claims for wrongful termination, retaliatory discharge, and breach of contract. (R. 2-1, Compl.) In that complaint, Schaad alleged in relevant part that on October 2, 2009, CMAP reduced her salary in retaliation for filing a written inquiry into adverse findings in her 2009 performance review. (*Id.* ¶ 21.) She also claimed that CMAP demoted her

and reduced her compensation without cause on June 28, 2013. (*Id.* ¶ 10.) Additionally, she alleged that CMAP failed to treat her "in a same or similar manner as other younger employees" by increasing the "scrutiny, assignments, and pressure to perform on [her] despite other employees at the same position level not having any of the same scrutiny, assignments or pressure." (*Id.*) She further claimed that the company treated her differently than younger employees by failing to "conduct a full fiscal year 2013 performance review or evaluation for [her] entire work effort in violation of CMAP policy and in discriminate treatment from other employees at the same position" in an effort to "manufacture cause to terminate [her] employment." (*Id.*) According to Schaad, CMAP also violated its policies "by retaliating against [her] for filing grievances and EEO complaints." (*Id.*)

On April 20, 2015, Schaad filed her first amended complaint in Cook County alleging four counts, including two procedural due process claims under 42 U.S.C. § 1983 ("Section 1983") and two state common-law claims for wrongful discharge and promissory estoppel related to her dismissal. (R. 2-1, First Am. Compl.) On May 15, 2015, CMAP removed this action to federal court on the basis of federal question jurisdiction. (R. 2, Notice of Removal ¶ 6.)

On November 18, 2015, Schaad filed her second amended complaint, reiterating her four previous counts and adding two more. (R. 21, Second Am. Compl.) Count V for promissory estoppel is based on Schaad's allegation that when CMAP reduced her salary on October 2, 2009, it did so in direct contradiction to a promise it made to her in September 2007. (*Id.* ¶¶ 41-43.) Count VI for age discrimination in violation of the Equal Protection Clause is based on Schaad's allegations that she was treated differently than CMAP's younger employees and retaliated against for filing grievances to that effect. (*Id.* at ¶ 15.)

2

On January 11, 2016, CMAP filed its answer to Counts I-IV, (R. 26, Answer), as well as its motion to dismiss Count V and Count VI pursuant to Rule 12(b)(6), arguing that both counts are untimely, (R. 24-1, Def.'s Mot. at 1). Schaad maintains that both counts relate back to her original August 2014 complaint under Federal Rule of Civil Procedure 15(c)(1)(B). (R. 28, Pl.'s Resp. at 2.)

## LEGAL STANDARD

Under federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss challenges the sufficiency of a complaint by "arguing that it fails to state a claim upon which relief may granted." *Firestone Fin. Corp. v Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (citation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the nonmovant, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the nonmovant's favor. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).

The Seventh Circuit has cautioned that when a defendant raises untimeliness in response to a complaint, "[d]ismissal under Rule 12(b)(6) is irregular, for the statute of limitations is an affirmative defense." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (internal alteration and citation omitted); *see also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome

3

affirmative defenses, such as the statute of limitations."). "[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chi. Bldg. Design*, 770 F.3d at 613-14 (internal quotation marks and citation omitted). "In other words, the plaintiff must affirmatively plead himself out of court; the complaint must plainly reveal that the action is untimely under the governing statute of limitations." *Id.* (internal alteration, quotation marks, and citation omitted). If this standard is not satisfied, "questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

Rule 15(c)(1)(B) allows an amendment to relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). This means that if a plaintiff "merely adds legal conclusions or changes the theory of recovery" in an amended complaint, then it will relate back to the filing date of the earlier complaint. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). However, the new claim only relates back if "the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." *Id.* (citation omitted). This requires the court to "consider whether the defendant had notice of the new claim based on the facts as originally pled." *Cunliffe v. Wright*, 51 F. Supp. 3d 721, 733 (N.D. Ill. 2014). Rule 15(c) should be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." *Id.* (internal quotation marks omitted) (quoting *Staren v. Am. Nat'l Bank & Tr. Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976)). If

4

the defendant did not have notice of the new claim based on the facts as originally pled, then the claim does not relate back and the amended complaint's filing date will be used to determine the timeliness of the claim. *Henderson*, 253 F.3d at 933.

**ANALYSIS**

CMAP argues that Counts V and VI of Schaad's second amended complaint are barred by the applicable statutes of limitations. (R. 24-1, Def.'s Mot. at 1.) The parties do not dispute the applicable statutes of limitations. (R. 24-1, Def.'s Mot. at 3; R. 28, Pl.'s Resp. at 1.) Nonetheless, Schaad maintains that Counts V and VI relate back to the August 2014 filing of her initial complaint, which would result in both counts being timely. (R. 28, Pl.'s Resp. at 1.)

**I.  Count V for Promissory Estoppel**

To state a claim for promissory estoppel under Illinois law, Schaad must allege that CMAP promised her that it would not reduce her salary, that it was reasonable for CMAP to expect that Schaad would rely on that promise, that she relied on that promise to her detriment, and that CMAP breached its promise by reducing her salary. *See Dumas v. Infinity Broad. Corp.*, 416 F.3d 671, 677 (7th Cir. 2005) (citing *Quake Constr., Inc. v. Am. Airlines, Inc.*, 565 N.E.2d 990, 1004 (Ill. 1990)). In order for Count V to relate back to the original complaint, Schaad must have pled at least enough facts in that complaint to give CMAP notice that such a claim exists. *Cunliffe*, 51 F. Supp. 3d at 733. Even if Schaad previously pled each of the other elements, this Count cannot relate back to the original complaint unless, in that pleading, she alleged that CMAP had made a promise not to reduce her salary. Schaad, however, first alleged the existence of such a promise in the November 2015 second amended complaint. (R. 21, Second Am. Compl. ¶ 42.) By contrast, her original complaint does not mention a promise and only alleges that her salary was reduced as retaliation for questioning a performance review. (R. 2-1, Compl.

5

¶ 21.) Because Schaad's original complaint does not allege any facts relating to a promise not to reduce her salary, and because such a promise is an essential element of a promissory estoppel claim, this Court finds that the August 2014 complaint did not give CMAP notice of a promissory estoppel claim. *Cunliffe*, 51 F. Supp. 3d at 733. Therefore, Count V cannot relate back.

Because the claim arises under state law, the state's statute of limitations applies. *See Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Under Illinois law, a claim for promissory estoppel has a five-year statute of limitations. 735 ILL. COMP. STAT. 5/13-205. The statute of limitations begins to run when the "person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Halperin v. Halperin*, 750 F.3d 668, 671 (7th Cir. 2014) (citation omitted) (interpreting Illinois law). Both parties agree that the five-year statute of limitations began to run on Count V on October 2, 2009, when Schaad learned that CMAP was reducing her pay. (R. 24-1, Def.'s Mot. at 3; R. 28, Pl.'s Resp. at 2.) Schaad filed her second amended complaint, in which this claim was first raised, on November 18, 2015. These dates are almost six years apart, and thus Count V falls outside of Illinois's five-year statute of limitations for promissory estoppel claims.[1] Therefore, CMAP's motion to dismiss Court V of Schaad's second amended complaint is granted.[2]

---

[1] Even if this claim related back to the first amendment complaint, it would still be untimely. The first amended complaint was filed on April 20, 2015, which is well outside the five-year statute of limitations. (R. 2-1, First Am. Compl.)

[2] Alternatively, Schaad argues that, because her second amended complaint was filed after complying with this Court's directive to exhaust all settlement possibilities, her untimeliness should be excused. (R. 28, Pl.'s Resp. at 1-2.) However, by the time this action arrived in federal court, the statute of limitations had already run. This Court's directive issued on May 18, 2015, more than seven months after the statute of limitations expired. (R. 5, Docket Entry.) Therefore, even if Schaad delayed her filing of her amended complaint in attempted compliance with an order of this Court, her compliance with that order did not cause this claim to expire—her failure to raise it within five years did.

## II. Count VI for Age Discrimination

In order to state an equal protection age discrimination claim against a municipal corporation, a plaintiff must allege that "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that . . . is so permanent or well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking." *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). In her second amended complaint, Schaad relied on the third of these options, alleging that "as the final, policy-making authority on personnel matters at CMAP," its executive director Robert Blankenhorn participated in and approved of all of CMAP's discriminatory actions. (R. 21, Second Am. Compl. ¶ 50.)

Although Schaad did not allege age discrimination in violation of the Equal Protection Clause in her original complaint, she alleged sufficient facts to put CMAP on notice that such a claim existed. In the complaint itself, Schaad alleged that "Defendant failed to treat Plaintiff in a same or similar manner as other younger employees" by increasing supervision over her, intensifying demands on her, and failing to conduct a complete performance review in 2013. (*Id.* ¶ 10.) Further, when deciding a Rule 12(b)(6) motion to dismiss, this Court considers not only the language in the complaint, but also any attached exhibits. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). In Schaad's initial complaint, she included as an exhibit the grievance that she filed with the Equal Employment Opportunity Commission. (R. 2-1, Ex. A. at 16.) In this grievance, Schaad stated that "CMAP failed to treat [her] in the same or similar manner as other younger employees" and that CMAP took actions against her "because of her age in retaliation against her for filing complaint with the EEOC/IDHR." (*Id.* at 21-22.) Further, she alleged that CMAP's actions were "intentionally orchestrated by Executive management to discriminate

7

against [Schaad] because of her age." (*Id.* at 22.) Therefore, although Schaad did not initially plead Count VI for age discrimination under the Equal Protection Clause, the facts are present in full form. The Seventh Circuit has endorsed a "strong commitment to the idea that a plaintiff need not plead legal theories in her complaint." *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014); *see also Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999) ("While a plaintiff may plead facts that show she has no claim, she cannot plead herself out of court by citing to the wrong legal theory or failing to cite any theory at all."). Because the factual situation upon which Schaad raises Count VI remains the same, it was sufficiently brought to CMAP's attention in her original pleading. *Cunliffe*, 51 F. Supp. 3d at 733. As such, the Court finds that Count VI relates back to Schaad's original August 2014 complaint.

This Court applies a two-year statute of limitations to claims brought under Section 1983 in Illinois. *Clark v. City of Braidwood*, 318 F.3d 764, 766 (7th Cir. 2003). The statute of limitations begins to run "when the plaintiff knows or should have known that [her] constitutional rights were violated." *Licari v. City of Chi.*, 298 F.3d 664, 668 (7th Cir. 2002). Both parties agree that the two-year statute of limitations began to run when CMAP terminated her employment on June 28, 2013. (R. 24-1, Def.'s Mot. at 3; R. 26, Pl.'s Resp. at 2-3.) Schaad filed her original complaint on August 26, 2014, less than two years later. Therefore, because Schaad provided ample notice of this claim in her initial complaint, the Court finds that Count VI relates back to her initial complaint and is timely.

## CONCLUSION

For the foregoing reasons, CMAP's motion to dismiss (R. 24) is GRANTED with respect to Count V for promissory estoppel and DENIED with respect to Count VI for age discrimination in violation of the Equal Protection Clause. The parties shall appear for a status hearing on May 5, 2016, at 9:45 a.m., and shall be prepared to set a firm litigation schedule for this lawsuit, including setting discovery dates.

ENTERED: _____
**Chief Judge Rubén Castillo
United States District Court**

**Dated: April 14, 2016**